IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID KEMO JOHNSON,<br>a/k/a SHORTY;<br>VINCENT BRAD TAYLOR,<br>a/k/a VINO;<br>CHELSEA LEIGH BRAATEN; and<br>SHAINA TAYLOR PFAU | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations:  21 U.S.C. § 846 and 18 U.S.C. § 1956(h) |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about June 2023 through the date of this Indictment, in the Districts of North Dakota, Minnesota, Western Wisconsin, Northern Illinois, and elsewhere,

DAVID KEMO JOHNSON, a/k/a SHORTY;
VINCENT BRAD TAYLOR, a/k/a VINO;
CHELSEA LEIGH BRAATEN; and
SHAINA TAYLOR PFAU

did knowingly and intentionally combine, conspire, confederate, and agree together and with those charged in *United States v. Christopher Flowers, et al.*, Case No. 3:25-cr-083 (D.N.D.), and *United States v. Austin Muck*, Case No. 3:25-cr-138 (D.N.D.), and others, both known and unknown to the grand jury, to possess with intent to distribute and distribute mixtures and substances containing detectable amounts of methamphetamine and fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), Schedule II

controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Drug Quantity

The amounts involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, and 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vi) and (viii).

## Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute mixtures and substances containing detectable amounts of methamphetamine and fentanyl, Schedule II controlled substances, within the states of North Dakota, Minnesota, Wisconsin, Illinois, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and fentanyl;

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine and fentanyl sales;

6. It was further a part of said conspiracy that one or more conspirators sent and received money wire transfers that were payment for and proceeds of methamphetamine and fentanyl sales;

7. It was further a part of said conspiracy that one or more conspirators used social media applications, including but not limited to Facebook, to facilitate the distribution of methamphetamine and fentanyl;

8. It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, houses, and hotel rooms in North Dakota and Minnesota in which to store, possess, and distribute methamphetamine and fentanyl;

9. It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, Wisconsin, and Illinois to obtain, transport, and distribute methamphetamine and fentanyl;

10. DAVID KEMO JOHNSON, a/k/a SHORTY, acted as an organizer, leader, manager, and supervisor in this conspiracy;

In violation of Title 21, United States Code, Section 846, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

COUNT TWO

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about June 2024 through the date of this Indictment, in the Districts of North Dakota, Minnesota, Western Wisconsin, Northern Illinois, and elsewhere,

SHAINA TAYLOR PFAU

did knowingly combine, conspire, confederate, and agree together and with those charged in *United States v. Christopher Flowers, et al.*, Case No. 3:25-cr-083 (D.N.D.), and others, both known and unknown to the grand jury, to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce that involved the proceeds of specified unlawful activity, that is, a drug trafficking conspiracy: (1) with intent to promote the carrying on of that specified unlawful activity, and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of that specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

Manner and Means

The manner and means used to accomplish the objectives of this conspiracy included, among others, the following:

1.     The defendant and others possessed with intent to distribute and did distribute mixtures and substances containing detectable amounts of methamphetamine

4

and fentanyl, Schedule II controlled substances, within the states of North Dakota, Minnesota, Wisconsin, Illinois, and elsewhere;

2. The defendant and others would and did conduct financial transactions by collecting and transferring United States currency that was payment for and proceeds of methamphetamine and fentanyl sales;

3. The defendant and others would and did conduct financial transactions by using peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine and fentanyl sales;

4. The defendant and others would and did conduct financial transactions by sending and receiving money wire transfers that were payment for and proceeds of methamphetamine and fentanyl sales;

5. The purpose of these financial transactions was to promote the ongoing drug trafficking conspiracy and to conceal and disguise the nature, location, source, ownership, and control of its proceeds;

In violation of Title 18, United States Code, Section 1956(h).

                                           A TRUE BILL:

                                           /s/ Foreperson_____
                                           Foreperson

/s/ NICHOLAS W. CHASE
NICHOLAS W. CHASE
United States Attorney

MPK/tah